UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JOE HOUSTON,

    Plaintiff,

v.

2291 N DIXIE HWY LLC, a Florida Limited Liability Company and RIVERSIDE PETROLEUM LLC d/b/a SUNOCO, a Florida Limited Liability Company,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, JOE HOUSTON, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues RIVERSIDE PETROLEUM LLC D/B/A SUNOCO and 2291 N DIXIE HWY LLC, (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JOE HOUSTON, is an individual over eighteen years of age, with a residence in Broward County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, 2291 N DIXIE HWY LLC, owned a place of public accommodation with a commercial gas station at 2291 N. Dixie Highway, Pompano Beach, Florida 33060 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

6. At all times material, Defendant, 2291 N DIXIE HWY LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7. At all times material, Defendant, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO, owned and/or operated a commercial gas station and food mart business at 2291 N. Dixie Highway, Pompano Beach, Florida 33060 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

8. At all times material, Defendant, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Broward County, Florida. Defendant, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO, holds itself out to the public as "Baby Valero."

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and gas station business is located in Broward County, Florida, Defendants regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, JOE HOUSTON, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOE HOUSTON, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate. He has very limited use of his hands and cannot operate any mechanisms, which require tight grasping or twisting of the wrist.

14. Defendants, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO and 2291 N DIXIE HWY LLC, own, operate and/or oversee the Commercial Property, its general parking lot/or and parking spots specific to the business therein, the interior of the gas station and food mart store and is located in Pompano Beach, Florida, that is the subject of this Action.

15. Mr. Houston is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

16.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Houston is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

17.     The subject Commercial Property is open to the public and is located in Broward County, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the Commercial Property on or about December 14, 2022, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is less than a mile from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

18.     The Plaintiff found the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

19.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOE HOUSTON, and others similarly situated.

20.     Defendants, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO and 2291 N

DIXIE HWY LLC, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO and 2291 N DIXIE HWY LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO and 2291 N DIXIE HWY LLC, own and/or operate is the Commercial Property and Business is located at 2291 N. Dixie Highway, Pompano Beach, Florida 33060.

21. Plaintiff, JOE HOUSTON, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I-ADA VIOLATIONS

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendants, RIVERSIDE PETROLEUM LLC D/B/A SUNOCO and 2291 N

DIXIE HWY LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

**A.**     **Parking and Exterior Accessible Route**

1) Joe Houston was impeded from accessing Sunoco where only 1 parking spaces are designated for disabled use, from a total of spaces, violating Sections 4.1.2 and 4.6.1 of the ADAAG and 2010 ADAS Table 208.2, which results in needing to use further inaccessible spaces on numerous occasions. Accessible space is obstructed by ongoing carwash business.

2) Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3.2% (>2%) endangering Joe Houston when unloading and violating the ADAAG and ADAS Section 502.

**B.**     **Entrance Access and Path of Travel**

1) There is no compliant route from transit, sidewalk, and parking areas for Joe Houston to access Sunoco which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

2) Ramp surface contains an excessive slope/side slope of 13.2% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS (Ramp to street and sidewalk).

3) Path of travel connecting areas of Sunoco are < 36" (<36" or 32" for < 2') below required width, violating ADAAG Section 4.3 and Section 403 of the ADAS.

**C.**     **Access to Goods and Services**

1) Table-top and writing surface heights are > 34" (28" min / 34" max), preventing use by Joe Houston, violating 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

25. The discriminatory violations described in the Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOE HOUSTON, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

26. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

27. Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer

employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by each Defendant.

31. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 1199 State Road 84, Pompano Beach, Florida 33315, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures the violations of the ADA.

WHEREFORE, the Plaintiff, JOE HOUSTON, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 9, 2023

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com;
dramos@lawgmp.com

By: ___/s/_Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    BEVERLY VIRUES
    Florida Bar No.: 123713